[Civ. No. 5536.   First Appellate District, Division Two.—August 24, 1926.]

## CALIFORNIA CREDIT AND COLLECTION CORPORATION (a Corporation), Respondent, v. ANTONE RICCA, Appellant.

[1] PROMISSORY NOTE—PURCHASE OF STOCK—FRAUDULENT REPRESENTATION—BURDEN OF PROOF.—In an action upon a promissory note, executed and delivered by defendant, in renewal of a former note in the same amount given as part payment of the purchase price of certain stock in the payee corporation, where the answer admits the execution and delivery of the note but sets up the special defense of fraud in the original transaction, based upon alleged false representations that the corporation was doing a large and profitable business and that the actual value and market value of the stock was a stated sum, the burden of proving the falsity of the representations is upon defendant.

[2] ID.—EVIDENCE—CONFLICTING INFERENCES—DUTY OF TRIAL COURT—FINDINGS.—In such action, where the only evidence introduced to prove the falsity of said representations is that on the date of the second note the stock was quoted in the paper under the head of "unlisted securities" as having a certain "bid" price and that about two years later it was similarly quoted as having a certain "asked" price, both of which prices were considerably less than the value represented, and no evidence of any character is offered to prove either the actual or the market value of the stock at the time the representations were made or the amount of business carried on by the corporation at that time, it is the duty of the trial court to draw an inference in favor of fair dealing and find in favor of plaintiff on the issue of fraud.

---

(1) 14 C. J., p. 662, n. 71, p. 663, n. 96.   (2) 14 C. J., p. 663, n. 96; 27 C. J., p. 62, n. 85, p. 63, n. 88, p. 67, n. 15, 16.

1. See 12 Cal. Jur. 817.

APPEAL from a judgment of the Superior Court of Monterey County.  J. A. Bardin, Judge.  Affirmed.

The facts are stated in the opinion of the court.

C. F. Lacey for Appellant.

J. R. Cunnyngham and Daly B. Robnett for Respondent.

NOURSE, J.—Plaintiff sued as assignee for collection upon a promissory note for $3,750 executed and delivered by defendant to the Virden Packing Company on October 15, 1921, in renewal of a former note in the same amount given as part payment of the purchase price of forty shares of the capital stock of the packing company.  The defendant answered admitting the execution of the note and setting up the special defense of fraud in the original transaction.  The cause was tried before the court, sitting without a jury, and resulted in a judgment for the plaintiff as prayed.

The facts pleaded in the answer upon which the defendant based his claim of fraud were that the agent of the Virden Packing Company represented to him that the company was doing a large and profitable business and that the actual value and the market value of its capital stock was $100 per share and that it would soon thereafter be worth $125 per share.  It was then alleged that these representations were false, and were known to be false by the agent, that they were made with the intent to deceive the defendant, and that he had no knowledge of the actual or the prospective value of the stock, but relied entirely upon the agent's representations.

The trial court found that the representations as alleged were made for the purpose of inducing the defendant to purchase the stock, but not with the intent of cheating or defrauding him, and that none of the representations was false.

[1]  On this appeal the only point calling for consideration is the sufficiency of the evidence to support the finding that the representations were not false.  In this connection we must bear in mind that the issue of fraud having been raised by the appellant in defense to the note, the

burden of proof was on him. The only evidence tending to prove the falsity of any of the representations pleaded was that on October 15, 1921, the stock was quoted in a San Francisco newspaper under the head of "unlisted securities" as $25 "bid" per share and that on December 15, 1923, and December 17, 1923, it was similarly quoted at $29 "asked" per share. No evidence of any character was offered to prove either the actual or the market value of the stock at the time the representations were made— July, 1920—and no attempt was made to show the amount of business carried on by the company at that time.

[2] There is just one rule of law which need be referred to, as it is determinative of this appeal. This rule is so aptly stated by Mr. Justice Henshaw in *Ryder* v. *Bamberger,* 172 Cal. 791, 799, 800 [158 Pac. 753], that we can do no better than quote the language there used, merely transposing the sentences: "For fraud must always be proved, so that when the plaintiff's case goes no further than to establish a state of facts from which the inference of fraud may or may not be reasonably drawn, he has failed to establish his charge by a preponderance of the evidence, and it becomes the duty of court or jury, as has been said, to find in favor of innocence and uprightness. For, if there be two inferences equally reasonable and equally susceptible of being drawn from the proved facts, the one favoring fair dealing and the other favoring corrupt practice, it is the express duty of court or jury to draw the inference favorable to fair dealing."

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.